IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

MAR 1 8 2020

Clerk, U S District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | CR 19-18-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| LAWRENCE ALEX FOSTER III and CYNDIE LYNN ADAMS, | |
| Defendants. | |

WHEREAS, in the indictment in the above case, the United States sought forfeiture of any property of the above-captioned person, pursuant to 21 U.S.C. § 853, as property used or intended to be used to facilitate the violations alleged in the indictment, or as proceeds of said violations;

AND WHEREAS, on November 6, 2019, defendant Cyndie Lynn Adams, entered a plea of guilty to count II of the indictment, which charged her with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

AND WHEREAS, on January 24, 2020, defendant Lawrence Foster III, entered a plea of guilty to count I of the indictment, which charged him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21

1

U.S.C. § 846

AND WHEREAS, the indictment contained a forfeiture allegation that stated that as a result of the offenses charged in the indictment, the defendant shall forfeit the following property:

- $2,042.00 in United States currency;
- Ruger EC95, 9mm pistol (N/N 454-22412);
- Benjamin-Sheridin, 9 Series, .20 caliber pistol (S/N 894709020;
- Remington, Model 870, 12-gauge shotgun (S/N R594915A);
- Remington, Model 870, 12-gauge shotgun (S/N D52721684);
- Smith and Wesson, .38 Special (S/N D738378); and
- Smith and Wesson .38 Special Airweight (S/N CWV7472).

AND WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the property, pursuant to 21 U.S.C. § 841(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

ACCORDINGLY, IT IS ORDERED:

1. That based upon the plea of guilty by defendant Lawrence Foster II to count I of the indictment, and defendant Cyndie Adams to count II of the indictment, the United States is authorized and ordered to seize the property

described above. This property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of to 21 U.S.C. § 853(n)(1).

2. That the aforementioned forfeited property is to be held by the United States in its secure custody and control.

3. That, pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a suitable means of general circulation notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practical, provide direct written notice to any person known to have alleged an interest in the property that is the

subject of the preliminary order of forfeiture, as a substitute for published notice as to those persons so notified.

4. That upon adjudication of all third-party interests, this Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 18th day of March, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE